**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Cochran & Pease, LLC d/b/a Terri*
*Debtor and Debtor-In-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

Cochran & Pease, LLC d/b/a Terri,

                        Debtor.
-------------------------------------------------------------x

Chapter 11

Case No.: 19-10903 (JLG)

**DEBTOR'S MOTION FOR ORDER EXTENDING THE TIME TO ASSUME OR REJECT TWO (2) UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES *NUNC PRO TUNC* TO JULY 25, 2019, UNDER WHICH THE DEBTOR IS A TENANT**

**TO:**  **THE HONORABLE JAMES L. GARRITY JR.,**
      **UNITED STATES BANKRUPTCY JUDGE**

Cochran & Pease, LLC d/b/a Terri, debtor and debtor-in-possession ("Movant" or "Debtor"), hereby moves this Court for an order pursuant to section 365(d)(4)(B)(i) of title 11 of the United States Code (the "Bankruptcy Code") extending the Debtor's time to assume or reject two (2) non-residential real property leases *nunc pro tunc* to July 25, 2019 and respectfully represents as follows:

**SUMMARY OF RELIEF REQUESTED**

1. By this motion (the "Motion"), the Debtor respectfully requests that its time to assume or reject the Leases (defined below) be extended for 90 days, to and including October 23, 2019. The initial 120 day period to assume or reject the Leases expired July 25, 2019.

{Client/085918/1/01927947.DOC;1 }

2. On July 25, 2019, the Debtor through its previous bankruptcy counsel, filed a motion seeking the same relief sought herein. See ECF Dkt. No. 35. The motion was scheduled to be heard on August 29, 2019. Upon information and belief, the Court did not consider the motion because it was filed under an improper event. The motion was filed under the event "Motion to Extend Time" rather than "Motion to Assume or Reject." Inexplicably, no order was entered with respect to the motion. Upon information and belief, the motion was served upon the Debtor's landlords. However, no affidavit of service has been filed on the docket.

3. The 210th day from the March 27, 2019 Petition Date is October 23, 2019. As this Court is aware and the Local Bankruptcy Rule 6006-1(c) confirms, the Bankruptcy Court is without jurisdiction to extend beyond 210 days from the Petition Date a debtor's time to assume a non-residential real property lease. As such, unless the landlord consents (and landlord's counsel for the store lease advised Debtor's counsel today the landlord will not consent), the Debtor must obtain an order assuming the Leases on or before October 23, 2019 or they will be deemed rejected as the matter of law.

4. The Leases are necessary and essential for the Debtor's continued business operations. If the Leases are deemed rejected, the Debtor will be unable to operate its restaurant which is currently operating profitably. The Debtor will be unable to propose a reorganization plan which is the primary goal of a chapter 11 case.

5. The Debtor is current on its postpetition rental obligations under the Leases. The Debtor, therefore, believes that extending the time to assume or reject the Leases *nunc pro tunc* to July 25, 2019 is a prudent exercise of its business judgment.[1]

---

[1] The Debtor is filing this Motion in an abundance of caution in order to make it clear the Debtor's time to assume or reject the Leases is/was extended beyond the initial 120 day period. The Debtor is simultaneously filing a separate motion to assume the Leases.

**JURISDICTION, VENUE AND STATUTORY BASES FOR REQUESTED RELIEF**

6.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§157 and 1334, and the order of reference, dated July 10, 1984 (Ward, C.J.), as amended by the Amended Standing Order of Reference, dated January 31, 2012 (Preska, CJ). This matter is a core proceeding within the meaning of 28 U.S.C. §157(b).

7.      Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

8.      The statutory bases for the relief requested herein are §365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RELEVANT BACKGROUND**

9.      On March 27, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108, the Debtor continues in the management of its business as a debtor in possession.

10.     The Debtor is a limited liability company duly organized and existing under the laws of the state of New York.

11.     Since 2009, the Debtor has been operating a quick serve casual vegetarian restaurant offering in-house dinning, take-out, delivery and catering in Manhattan's Chelsea neighborhood at 60 West 23rd Street, New York, NY 10001.

12.     The Debtor also operates a commercial kitchen at 10-40 45th Avenue, Long Island City, NY 11101.

13.     Prepetition, encouraged by the success of its Chelsea location, the Debtor attempted to duplicate those results in 2 downtown Manhattan locations. The company incurred debt while trying to expand its business operation, and servicing that debt ultimately became unsustainable in the face of the other locations not being as profitable as anticipated. As a result,

in late 2018, the Debtor decided to close those newer locations, downsize its kitchen operations in Long Island City and focus on its much more profitable restaurant in Chelsea.

## THE LEASES

14. For purposes of this Motion, the Debtors are tenants under two (2) non-residential real property leases (collectively, the "Leases") as follows:

(a) The 60 West 23rd Street, NY Lease. The Debtor owns and operates a casual vegetarian restaurant located at 60 West 23rd Street, New York, New York 10001. The lease was entered into 2009 for a term of ten (10) years and six (6) months. The monthly base rent under the lease is $4,650.00. The Debtor is current on all prepetition and postpetition rent. The lease is scheduled to expire by its term in June or July 2020.

(b) The Long Island City, NY Lease. The Debtor owns and operates a commercial kitchen located at 10-40 45th Avenue, Long Island City, New York 11101. The lease is dated May 25, 2017 and expires in or about June 2020. The Debtor is current on all prepetition and postpetition rent under the lease. Recently, the Debtor and the landlord agreed to reduce the size of the leased premises.

## RELIEF REQUESTED AND BASIS THEREFOR

15. Section 365(d)(4)(B)(i) of the Bankruptcy Code requires a trustee or a debtor in possession to assume or reject an unexpired lease of non-residential real property within one hundred and twenty (120) days after the commencement of the case or else the lease is deemed rejected as a matter of law. However, the bankruptcy court may grant a motion for extension: of the one hundred and twenty (120) day time period, if such extension is granted within the one-hundred and twenty (120) day period upon a showing of "cause."

16. Courts have identified a variety of factors which support the granting of an extension of time to assume or reject under §365(d)(4) of the Bankruptcy Code: (i) the lease is a

primary asset of the estate and the decision to assume or reject will be central to a plan or reorganization; (ii) the debtor has not had sufficient time to appraise its financial situation and the potential value of its assets in terms of the formulation of a plan or reorganization; (iii) the debtor has not had adequate time to evaluate its leases; (iv) the debtor is making timely payments of its post-petition rental obligations; and (v) the case is complex and involves numerous leases. See In re Wedtech Corp., 72 B.R. 464, 471-472 (Bankr.S.D.N.Y. 1987); Theatre Holding Corp. v. Mauro, 681 F.2d 102, 106 (2d Cir. 1982); In re Burger Boys, Inc., 94 F.3d 755 (2nd Cir. 1996).

17. In the instant case, the Leases are essential for the Debtor to reorganize, as all of the Debtor's business operations are conducted at the leased premises. The Leases are the primary asset of the estate. The Debtor intends to assume the Leases and because there are no prepetition or postpetition arrears, there will be no cure cost. The extension which the Debtor seeks on a *nunc pro tunc* basis back to July 25, 2019, will afford the Debtor the opportunity to assume the Leases and propose a plan of reorganization to enable it to continue in business as it has for the last ten (10) years and pay creditors more than they would receive if the restaurant was forced to close. The extension will increase the likelihood of a successful reorganization which is the primary goal of Chapter 11.

18. In the matter of In re Kleinsleep Products, Inc., 78 F.3d 18 (2nd Cir. 1996), the Second Circuit Court of Appeals stated:

> Bankruptcy Courts have another option open to them. Faced with the unattractive choice of either requiring a bankrupt tenant to reject its long-term lease or letting it assume the lease, one bankruptcy court suggested that it could instead put off the decision on whether or not to assume a long-term lease. It could delay until the moment of confirmation, when the Debtor's chances of reorganization would be finally clear.

In re Kleinsleep, 78 F.3d 18 (2nd Cir. 1996). Although the primary holding of Kleinsleep has

been statutorily abrogated by BAPCPA, the rationale still applies in that the Bankruptcy Court can extend the time for an additional ninety (90) days.

19. Accordingly, the Debtor submits there is sound basis for the relief requested and "cause" has been demonstrated to grant the ninety (90) day extension afforded by the statute *nunc pro tunc* to July 25, 2019 and extending the Debtor's time to assume the Leases until October 23, 2019.

### REQUEST FOR SHORTEN NOTICE

20. The Debtor will be filing a separate motion seeking to shorten notice in order for this Motion to be heard on October 16, 2019. Assuming the Court enters an order shortening notice, the Debtor intends to serve a copy of the Order Shortening Notice and the Motion upon (i) the Debtor's landlords (and their counsel to the extent known), (ii) the Office of the United States Trustee, (iii) any party who filed notice of appearance. The Debtor proposes to serve the Motion by Federal Express overnight mail.

21. As set forth above, a previous similar motion seeking the statutorily permitted 90 day extension of the Debtor's time to assume or reject the Leases, was timely filed previously under ECF Dkt. No. 35 by prior counsel. It appears this motion was not heard by the Court and no order extending the Debtor's time to assume or reject the Leases beyond the initial 120 day period has been entered.

**WHEREFORE,** the Debtor respectfully requests the Court issue and enter an order *nunc pro tunc* to July 25, 2019 extending the Debtor's time to assume or reject the Leases to through and including October 23, 2019, and grant the Debtor such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 3, 2019

**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Cochran & Pease, LLC* d/b/a Terri
*Debtor and Debtor-In-Possession*

By: /s/ Scott S. Markowitz
    Scott S. Markowitz, Esq.
    1350 Broadway
    New York, New York 10018
   Tel: (212) 216-8000
   Email: smarkowitz@tarterkrinsky.com